418

## Devener v. York County Industrial Development Authority

*Heath L. Allen*, of *Keefer, Wood, Allen and Rahal*, for plaintiffs.

*Donald L. Reihart*, of *Laucks & Monroe*, for defendant, York County Industrial Development Authority.

*Jesse L. Crabbs*, for defendant, J. H. Schuler Co.

SHADLE, *P.J.*, August 29, 1978—Plaintiffs brought this action of trespass to recover damages from defendants for interfering with an easement of air passage which plaintiffs claim to own across defendants' land as an approach to plaintiff's airport. To plaintiffs' complaint defendants have filed preliminary objections in the nature of a demurrer and a motion for a more specific pleading. The issues are before us on briefs filed by the parties.

Although plaintiffs have requested oral argument thereon, both parties have filed thorough and comprehensive briefs which are sufficient to enable us to dispose of the issues.

Plaintiffs own and operate a commercial airport on land owned by them which is immediately adjacent to land owned by defendant Authority. In 1974, the Authority constructed on its land a building 24 feet high which is occupied by defendant Schuler. Such building is within 480 feet of the end of a runway on plaintiffs' airport. This required plaintiffs to reduce the length of their runway by 150 feet, thereby interfering with the use by airplanes of plaintiffs' airport, for which they seek damages.

Plaintiffs claim to have an easement over defendants' land as an approach area for aircraft on two theories: (1) by virtue of the provisions of the Act of July 27, 1953, P.L. 641, sec. 1, 2 P.S. §1458, and (2) by prescriptive use of the air space by aircraft over defendants' land for a period of more than 21 years prior to 1974. It is for the obstruction of and encroachment of this easement that plaintiffs claim damages. By their demurrer defendants deny that plaintiffs have any such easement on either basis, and further contend that plaintiffs' complaint lacks sufficient specificity as to the prescriptive use.

Section 1 of the Act of 1953, supra, provides as follows:

"An airport approach area is declared to be and to include all that area lying within and below an inclined plane, starting at each end of each runway or landing strip, of a commercially licensed airport, and extending outward horizontally for a distance of 1000 feet at a ratio of 1 foot of height for each 20

feet of distance from each end of the runway or landing strip, and having a width of 300 feet."

Section 2 of the Act of 1953, supra, 2 P.S. §1459, makes it a summary offense for anyone to erect and maintain any obstruction to the operation of aircraft within such approach area.

Such approach area for plaintiffs' airport extends over defendants' land, and the building in question encroaches thereon.

By their complaint plaintiffs allege that such statutory provisions create in them a property right in the nature of an air space easement. We are unable to agree.

It is clear that estates, rights and interests in air space above the surface of the ground may be held, owned and disposed of in the same manner as estates, rights and interests in real property: Act of August 14, 1963, P.L. 871, sec. 2, 68 P.S. §802. The Act of May 25, 1933, P.L. 1001, sec. 401, 2 P.S. §1467, provides that:

"The ownership of the space over and above the lands and waters of this Commonwealth is declared to be vested in the owner of the surface beneath, but such ownership extends only so far as is necessary to the enjoyment of the use of the surface without interference, and is subject to the right of passage or flight of aircraft."

Consequently, for plaintiffs to prevail on this theory it must be found that the Act of 1953 has the effect of a legislative fiat which transfers to plaintiffs an interest in defendants' property in the nature of an air space easement. This would specifically and directly be a taking of private property without due process of law and without compensation. To so construe the Act of 1953 would render it

unconstitutional, which we are not permitted to do by the Statutory Construction Act of December 6, 1972, P.L. 1339, sec. 3, 1 Pa.C.S.A. §1922(3).

We are convinced that the Act of 1953 was enacted by the legislature in the exercise of its police power to regulate safety in the operation of airports and air traffic, and not for the purpose of affecting or conferring private property rights between individuals. The state may prevent obstructions to airports and air traffic thereon to insure their safety. However, it may not in doing so transfer to airport owners easements or rights of passage over land of adjoining owners so as to enable the former to recover from the latter damages for infringement upon any such easements or rights.

It is important to distinguish the instant situation from one in which an adjoining owner seeks a remedy for overflying aircraft by damages or equitable relief for trespassory invasions or nuisance. Here, it is the airport which seeks damages from the adjoining owner. It does so on the theory of an alleged trespassory invasion of an easement which the airport claims to have acquired over the owner's land by virtue of the statutory regulation by the state of airport safety. We hold that no such easement is created or exists by virtue of the statute in question.

However, in their second theory plaintiffs claim to have acquired such an easement of passage over defendants' land by prescription. Plaintiffs allege that the approach area over defendants' land "has been in continuous and uninterrupted use by the present and former owners and users of Devener Airport for a period of more than 21 years prior to 1974," in a manner which has been "open and notorious (and) adverse and hostile."

Defendants first argue that an easement of passage in air space cannot be acquired by prescriptive use. In the light of the Act of 1933, supra, which equates rights and interests in air space with those in real property, we have no difficulty in concluding that is is legally possible to acquire prescriptive rights in air space by a use which meets the criteria necessary to create such rights.

Finally, defendants contend that plaintiffs' complaint is not sufficiently specific in failing to allege when, by whom and in what manner any such prescriptive use was made. It is true that plaintiffs fail to allege a specific date when such use for more than 21 years began. They do allege that it was made by the present and former owners of the airport, without naming them. It also is arguable that the allegations that such use was continuous, open, notorious, adverse and hostile are conclusions without specific factual details to support them.

However, it is fundamental that a plaintiff is not required to plead evidence. We are at a loss as to how plaintiffs can factually support such allegations without setting forth a multitude of factual details which will constitute evidence to be produced at trial. In our opinion, defendants have been put upon sufficient notice of the fact of plaintiffs' claim of an easement by prescription to enable them to answer the complaint. If defendants need more information to enable them to defend, they easily can and should obtain it by discovery.

Although defendants attempt to argue that plaintiffs' use was not and could not have been hostile and adverse prior to the erection of the building in 1974, this is a factual issue with which we cannot deal at this stage of the pleadings. The nature and

extent of plaintiffs' use of the air space and whether it meets the criteria of prescription must await proof at trial.

## ORDER

And now, August 29, 1978, defendants' demurrer to so much of plaintiffs' complaint as alleges the existence of an easement by virtue of the Act of July 27, 1953, P.L. 641, is sustained, and to that extent plaintiffs' complaint is dismissed. In all other respects defendants' demurrer as well as their motion for a more specific pleading are overruled, with leave to file an answer to plaintiffs' complaint within 30 days from this date.